UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Pamela Cole, | Case No. 22-cv-2686 (WMW/DLM) |
| Plaintiff, | |
| | **AMENDED ORDER** |
| v. | |
| Group Health Plan, Inc. *dba* HealthPartners, a Minnesota non-profit corporation, | |
| Defendant. | |

_____

Before the Court is the motion to dismiss brought by Defendant Group Health Plan, Inc., d/b/a HealthPartners ("HealthPartners").[1]  (Dkt. 6.)  For the reasons addressed below, the Court grants the motion.

### BACKGROUND

In August 2021, HealthPartners instituted its "Vaccine Mandate," which requires all employees to either obtain COVID-19 and influenza vaccinations and provided a process for employees to request a medical or religious accommodation that would exempt qualified employees from the otherwise mandatory vaccination policy.  If an exemption is granted, the employee must wear "a medical-grade PPE mask at all times while working in a HealthPartners facility" and "additional PPE as appropriate[.]"  (Dkt. 1 at 14.)  Cole,

---

[1] Plaintiff Pamela Cole is employed by Park Nicollet, not Group Health Plan, Inc.  The appropriate defendant in this case, therefore, is Park Nicollet, not Group Health Plan, Inc.  Because Park Nicollet has merged with HealthPartners, the defendant is referred to as HealthPartners.

a physical therapist for HealthPartners, alleges that she is an unvaccinated employee who applied for a religious accommodation, which HealthPartners granted.

Cole alleges that Health Partners discriminated against employees who sought a religious or medical exemption from the Vaccine Mandate. According to Cole, vaccinated employees are distinguished from unvaccinated employees with an orange badge lock that represents the COVID-19 vaccine primary series. And, according to Cole, only HealthPartners employees who are wearing the badge lock are permitted to remove their masks in administrative facilities and non-patient care areas of HealthPartners' hospitals and clinics. Unvaccinated employees also are unable to complete the administrative process necessary to obtain and wear the badge lock, which distinguishes them from vaccinated employees.

Cole alleges that certain employees criticized others for not having the badge lock that indicated their vaccination status. To circumvent awkward situations, Cole chose to attend meetings through Zoom rather than in-person.

Cole maintains that employees who fail to remove their masks in administrative facilities or non-patient areas are presumed to be unvaccinated. And the badge locks, she contends, were designed to serve as a "public indication of vaccination status." Non-compliance with the Vaccine Mandate rules may result in job termination for employees.

Cole, who practices the Eckankar religion, contends that allowing the COVID-19 vaccine into her body contravenes her religious beliefs. Although HealthPartners has granted her a religious exemption from the Vaccine Mandate, Cole alleges that she has been subjected to differential treatment, which includes not receiving an orange badge lock,

2

having to wear a medical grade mask, the awareness of her supervisors having knowledge of her religious exemption information, "all employees" knowing her religious exemption status in light of the absence of an orange badge lock and being unable to remove her mask in administrative and non-patient care areas of HealthPartners hospitals and clinics.

Cole submitted a discrimination charge to the U.S. Equal Employment Opportunity Commission ("EEOC") and obtained a right-to-sue letter on July 27, 2022. On October 25, 2022, Cole initiated the current legal action against HealthPartners, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., with regards to religious discrimination, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., in relation to the Vaccine Mandate, as well as the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 et seq., with regards to religious and disability discrimination, and breach of contract.

HealthPartners moves to dismiss Cole's Complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

Cole asserts two causes of action: (1) religious discrimination and failure to accommodate under Title VII of the Civil Rights Act of 1964; and (2) discrimination under the MHRA, Minn. Stat. § 363A.08. HealthPartners moves to dismiss both claims. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Poehl v. Countrywide Home Loans, Inc.,* 464 F. Supp. 2d 882, 883 (E.D. Mo. 2006). The court accepts all "well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor." *Varga v. U.S. Bank Nat'l*

3

*Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). Although this ordinarily benefits the plaintiff, a plaintiff may plead herself out of court by pleading facts that establish an impenetrable defense to her claims. *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8th Cir. 2021).

A complaint will survive if it "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is unlawful for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to [that individual's] . . . terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). "Religion" includes "all aspects of religious observance and practice," unless an employer demonstrates the inability to reasonably accommodate the employee's religious observance or practice without creating an undue hardship on the employer's business. 42 U.S.C. § 2000e(j). It is unlawful for an employer to fail to make reasonable accommodations for an employee's religious practices, unless doing so would impose an undue hardship. *Ansonia Bd. of Educ. v. Philbrook,* 479 U.S. 60, 63 (1986).

To establish a *prima facie* case of religious discrimination for failure to accommodate, Cole must show that she (1) has a bona fide religious belief that conflicts with an employment requirement, (2) informed her employer of this belief, and (3) was disciplined for failing to comply with the conflicting requirement. *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003); *Wilson v. U.S. W. Commc'ns*, 58 F.3d 1337, 1340

4

(8th Cir. 1995).  If Cole establishes a *prima facie* case, the burden shifts to her employer, Health Partners, to show that it offered Cole a reasonable accommodation, *Wilson*, 58 F.3d at 1340, or that accommodating Cole would result in an undue hardship, *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) (per curiam).  *See also Harrell v. Donahue*, 638 F.3d 975, 977 (8th Cir. 2011).

For the purposes of this motion, HealthPartners does not dispute the first two elements, namely, that Cole has a sincere religious belief that she communicated to Health Partners.  However, HealthPartners argues that Cole has not alleged nor established the third element because Cole has not experienced any adverse action, such as termination or demotion, as a result of her opposition to the Vaccine Mandate or the badge lock program either on religious grounds or otherwise.

Cole's Complaint must be dismissed, Health Partners argues, because Cole's allegations show that HealthPartners did not have an employment requirement that conflicted with her religious beliefs.  Cole has identified her religious belief as a practicing Eckankar and contends that receiving a COVID-19 vaccine would violate her religious views because all of the ingredients of the available COVID-19 vaccines were not disclosed.  Cole believes that the human body should be treated as a temple and she should be as conscious as possible about what goes into it.  Because all of the ingredients of the available COVID-19 vaccines were not disclosed, Cole believes it is impossible to determine what the vaccines would put into her body.

HealthPartners does not deny that Cole's religious beliefs and opposition to the vaccine are genuinely held.  However, as HealthPartners did not mandate Cole or any other

employee to receive the COVID-19 vaccine, a fact Cole acknowledges in her Complaint, HealthPartners contends that Cole's challenge pertains to the employment obligations under the Vaccine Mandate program and the badge lock system, which were implemented to accommodate unvaccinated employees. Cole makes no claim that the Vaccine Mandate program and the badge lock system conflict with her genuinely held religious beliefs. Instead, for personal reasons, Cole opposed the accommodation requirements of the employment obligations, such as being required to wear protective gear in situations where vaccinated employees were not required to do so and being distinguished from vaccinated employees who had insignia on their work uniforms, which made her a subject of ridicule.

By imposing the accommodation requirements only on unvaccinated employees, Cole contends that HealthPartners called attention to those who were unvaccinated with the intent to make them subject to scorn and ridicule[2] for not getting a vaccine. Cole argues that she was forced to choose between two undesirable options: either getting the vaccine, which would violate her religious beliefs, or distinguishing herself from the vaccinated employees, so that all employees would know that she was unvaccinated. Cole contends that her objection on religious grounds to vaccination triggered HealthPartners' obligation to offer her a reasonable accommodation, which Cole insists the accommodation requirements were not.

The first question in a Title VII religious discrimination case is "whether the employee's job obligations are in conflict with [her] religious obligations." *Ansonia*, 479

---

[2] Cole's personal commentary regarding how the unvaccinated are "socially shamed" in the United States is not germane to the legal analysis here.

U.S. at 76 (Stevens, J., concurring in part and dissenting in part).  Absent a conflict, "there is no competing claim on the employee for which the employer must make adjustments." *Id*.  It is undisputed that HealthPartners did not mandate its employees to get vaccinated against COVID-19.  Rather, HealthPartners required its employees to either get vaccinated, or submit to the accommodation-requirements.  Clearly, Cole thinks submission to the accommodation-requirements was unreasonable.  But she neither alleges nor argues that the accommodation-requirements option conflicts with her religious obligations.  Having acknowledged that she was given an alternative that did not conflict with her religious observances, Cole acknowledges that she has not alleged a bona fide religious belief that conflicts with an employment requirement.  *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 88 (1977) (Marshall, J., dissenting.) (duty to accommodate arises when the employee can comply with the employer's rule "only by violating what the employee views as a religious commandment").

Here, assuming HealthPartners had a duty to accommodate Cole's religious beliefs, it discharged that obligation by permitting Cole to wear a mask or other additional personal protective equipment at all times while in HealthPartners' facilities.  Because that option "eliminate[d] the conflict between [HealthPartners'] employment requirements and [Cole's] religious practices," it was reasonable.  *Ansonia*, 479 U.S. at 70.  In doing so, HealthPartners worked with Cole and granted a religious exemption from vaccination as a reasonable accommodation.  Moreover, Cole did not suffer any reduction in pay, unpaid leave, or other loss of employment benefits as a consequence of not getting vaccinated.

7

In summary, based on the allegations in the Complaint, Cole fails to allege a bona fide religious belief that conflicts with an employment requirement nor did HealthPartners take any adverse employment actions against Cole because of her religion. The Court, therefore, grants HealthPartners' motion to dismiss Cole's claim of religious discrimination and failure to accommodate under Title VII of the Civil Rights Act of 1964.

Cole also alleges that HealthPartners' actions constitute discrimination on the basis of religion, in violation of Minn. Stat. § 363A.01 et seq. To establish a prima facie case of religious discrimination under Title VII or the MHRA, Cole must show that she "(1) has a bona fide religious belief that conflicts with an employment requirement, (2) informed [her] employer of this belief, and (3) was disciplined for failing to comply with the conflicting requirement." *Maroko v. Werner Enterprises, Inc.*, 778 F.Supp.2d 993, 1002 (D. Minn. 2011), citing *Jones v. TEK Indus.*, Inc., 319 F.3d 355, 359 (8th Cir.2003).

The analysis of the MHRA claim mirrors the analysis of the Title VII claim. In interpreting the MHRA, courts apply both Minnesota case law and legal precedents arising under Title VII of the 1964 Civil Rights Act. *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999). The presence of the state-law claim does not alter the Court's analysis. *Sigurdson v. Isanti Cnty.*, 386 N.W.2d 715, 719 (Minn. 1986) (analysis of MHRA claims parallels analysis of Title VII claims); *Benjamin v. Cty of Hennepin*, 1996 Minn. App. LEXIS 1329, at *3 (MN App. Nov. 26, 1996) (citing Title VII cases when considering failure-to-accommodate claim).

Because the MHRA mirrors that of the Title VII, the same conclusion is reached. Cole has not established a *prima facie* case of religious discrimination under the MHRA.

In summary, based on the allegations in the Complaint, Cole fails to allege a bona fide religious belief that conflicts with an employment requirement nor did HealthPartners take any adverse employment actions against Cole because of her religion. The Court, therefore, grants HealthPartners' motion to dismiss Cole's claim of religious discrimination under the MHRA, Minn. Stat. § 363A.08.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant HealthPartners' motion to dismiss, (Dkt. 6), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.[3]

Dated:  August 10, 2023               s/Wilhelmina M. Wright
                                      Wilhelmina M. Wright
                                      United States District Judge

---

[3] The Order is amended solely because the Court neglected to enter judgment, with no other part of the Order being altered.